ROBERT S. BREWER, JR. (SBN 65294)
  E-mail: rbrewer@mckennalong.com
ROBERT J. LAUCHLAN, JR. (SBN 118545)
  E-mail: rlauchlan@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
750 B Street, Suite 3300
San Diego, CA 92101
Telephone:  (619) 595-5400
Facsimile:  (619) 595-5450

Attorneys for Defendant,
MOHAMMAD MAYSSAMI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:07-cr-00760-JW |
|---|---|
| Plaintiff, | **STATEMENT OF SUPPORT OF FINDING OF RELATED CASE** |
| v. | |
| MOHAMMAD MAYSSAMI, | Court:   Hon. James Ware |
| Defendant. | |
| UNITED STATES OF AMERICA, | Case No. 5:06-cr-00597-RMW |
| Plaintiff, | **STATEMENT OF SUPPORT OF FINDING OF RELATED CASE** |
| v. | |
| SUPER MICRO COMPUTER INCORPORATED, | Court:   Hon. Ronald M. Whyte |
| Defendant. | |

Defendant Mohammad Mayssami, pursuant to Criminal Local Rule 8-1, supports the finding that **Case No. 5:07-cr-00760-JW** filed on December 3, 2007 (the "**Mayssami Case**") is related to **Case No. 5:06-cr-00597-RMW** filed on September 1, 2007 (the "**Super Micro Case**"). Hearing of the Mayssami Case by a different judge than the judge which was assigned and heard the Super Micro Case will entail substantial duplication of labor, create unnecessary expenses and

may result in disparate and unfair treatment of Mr. Mayssami. Thus, the Mayssami Case should be assigned and transferred to the Honorable Judge Ronald M. Whyte, who was assigned and heard the Super Micro Case.

A summary of the Super Micro Case and the Mayssami Case demonstrates their relationship. An information and plea agreement were filed in the **Super Micro Case** on September 1 and September 5, 2006, respectively. As admitted and stated in the plea agreement in the Super Micro Case:

> "between approximately December 28, 2001, and January 29, 2002, an employee of Super Micro, whose identity is known to the company and the government, knowingly caused 300 of Super Micro's P4SBA+ Motherboards to be exported to Dubai, United Arab Emirates (UAE), for trans-shipment to Iran . . . On December 28, 2001, Super Micro shipped the motherboards . . . knowing the motherboards would be trans-shipped to Iran . . . The company agrees that . . . a license was required to export the motherboards to Iran. The company agrees that it did not seek, and had not obtained, such a license prior to exporting the motherboards." *Id.* at 2.

The government agreed with Super Micro to prepare a joint Sentencing Memorandum, which those parties then filed on September 15, 2006. In that joint Sentencing Memorandum, and in the plea agreement in the Super Micro Case, the government agreed to expedited, immediate sentencing; no preparation of any presentence report; a fine of $150,000.00; no disgorgement, restitution, or forfeiture; no term of probation; no further criminal charge against Super Micro itself, nor any predecessor, subsidiary, affiliate, or current or former director, officer or employee thereof; the lowest Criminal History Category possible, even without any presentence report or apparent investigation in that regard, the joint Sentencing Memorandum simply stating, "Super Micro has no record of criminal or regulatory offenses;" and no need of a sentence to protect the public from future criminal conduct by Super Micro. (Joint Sent. Mem. 3:3-4:7.) On September 18, 2006, Super Micro was sentenced in accordance with the joint Sentencing Memorandum, and the plea agreement in the Super Micro Case.

Turning to the **Mayssami Case**, on the behest and instruction of his father and members of the Iranian community, Mr. Mayssami assisted with some remittances to or from Iran. "[N]on-

commercial remittance[s] to or from Iran (*e.g.*, a family remittance not related to a family-owned enterprise)" (31 C.F.R. § 560.516 (2006)), are specifically allowed, without limit, and without prohibition of use of a commercial entity, by the Iranian Transaction Regulations. Title 31, Code of Federal Regulations, Part 560. For example, remittances for lodging, medical care, sustenance, etc., of family members, are perfectly legal, without limitation, or restriction of use of a commercial intermediary. Yet, Super Micro and an individual at least using the name Tofig Setayashi, piggybacked commercial, computer equipment, transaction(s) and shipment(s) apparently to Dubai, UAE, and to Iran, onto otherwise non-commercial remittance(s) of Mr. Mayssami.

     Though the defense does agree that the Super Micro Case and the Mayssami Case are related, the defense simultaneously distinguishes the defendants and the facts themselves.

     Unlike Super Micro and Tofig Setayashi, or an entity controlled by him, who were selling merchandise and generating revenue, Mr. Mayssami did not sell merchandise of his own, nor generate revenue for himself. His actions were in obedience to his father's instructions, and in deference to members of the Iranian community.

     Though Mr. Mayssami is apparently the only individual being prosecuted in this matter; it is Super Micro who regularly communicated with, and sold and shipped merchandise to, Tofig Setayashi, or an entity controlled by him. The plea agreement in the Super Micro Case confirms both Super Micro and the government know the identity of relevant Super Micro employee.

     Also, unlike Super Micro and Tofig Setayashi, Mr. Mayssami lacks personal knowledge of the details of possible agreements and arrangements between Super Micro and Tofig Setayashi; possible agreements and arrangements between Super Micro and Tofig Setayashi and persons in Dubai, UAE, or in Iran; the amount or quantity of Super Micro computer equipment involved; the amount or quantity of Super Micro computer equipment which ultimately reached Dubai, UAE, or Iran; and the amount of money or profit made or retained by either Super Micro or Tofig Setayashi.

     Thus, while the Super Micro Case and the Mayssami Case are related, the defendants and the facts themselves are distinguishable.

STATEMENT OF SUPPORT OF FINDING OF RELATED CASE    CASE NO. 5:07-cr-00760-JW

Assignment of the Mayssami Case to the Honorable Judge Ronald M. Whyte, following his handling of the Super Micro Case, is likely to conserve judicial resources and promote an efficient determination of the Mayssami Case.

Dated: December 5, 2007              MCKENNA LONG & ALDRIDGE LLP

*Robert J. Lauchlan, Jr.*
ROBERT S. BREWER, JR.
ROBERT J. LAUCHLAN, JR.
Attorneys for Defendant MOHAMMAD MAYSSAMI

SD:22161739.1

U.S. v. Mohammad Mayssami
Case No. CR 07-00760 JW

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following document(s):

- **STATEMENT OF SUPPORT OF FINDING OF RELATED CASE**

was served upon all counsel of record via CM/ECF as indicated/listed on the United States District Court, Northern District of California's CM/ECF registered email list in the above-referenced matter (as set forth below):

*Attorneys for Plaintiff*
*United States of America*

Gary G. Fry, Esq.
Assistant United States Attorney
United States Attorney's Office
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
(408) 535-5061 / Fax (408) 535-5066
Gary.Fry@usdoj.gov

Executed this 5th day of December, 2007, at San Diego, California.

_____
Jamie L. Hornsby

SD:22161708.1

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

CERTIFICATE OF SERVICE                                    CASE NO. 5:06-CV-04269-RS