ROBERT S. BREWER, JR. (SBN 65294)
ROBERT J. LAUCHLAN, JR. (SBN 118545)
MCKENNA LONG & ALDRIDGE LLP
750 B Street, Suite 3300
San Diego, CA 92101
Telephone:   (619) 595-5400
Facsimile:    (619) 595-5450
E-Mail: rlauchlan@mckennalong.com

Attorneys for Defendant
MOHAMMAD MAYSSAMI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD MAYSSAMI,<br><br>Defendant. | Case No. 5:07-cr-00760-RMW<br><br>**SENTENCING MEMORANDUM PER CRIMINAL LOCAL RULE 32-5(b) BY DEFENDANT MOHAMMAD MAYSSAMI**<br><br>Date:    March 31, 2008<br>Time:   9:00 a.m.<br>Event:  Probation Hearing & Sentencing<br>Court:  Hon. Ronald M. Whyte |

Pursuant to Criminal Local Rule 32-5(b) (N.D. Cal. Crim. R. 32-5(b)), Mohammad Mayssami, by and through his counsel, Robert S. Brewer, Jr. and Robert J. Lauchlan, Jr., of McKenna Long & Aldridge LLP, respectfully submits the following Sentencing Memorandum.

I.  **CASE BACKGROUND**

This Court previously presided over the related case *United States v. Super Micro Computer Inc.*, No. 5:06-cr-00597-RMW (N.D. Cal. filed September 1, 2006) (the "Super Micro Case"). A brief chronology, and a summary of the treatment of persons referenced in the Super Micro Case, are relevant to the sentencing of Mr. Mayssami.

**Before** the filing of any case against him or Super Micro Computer, Inc. ("Super Micro"), Mr. Mayssami agreed to cooperate with the government and was interviewed on **April 17, 2006**.

Thereafter, on **September 1 and September 5, 2006**, respectively, an information, and a plea agreement, were filed in the Super Micro Case. As stated in the plea agreement in the Super Micro Case:

> "between approximately December 28, 2001, and January 29, 2002, an employee of Super Micro, whose identity is known to the company and the government, knowingly caused 300 of Super Micro's P4SBA+ Motherboards to be exported to Dubai, United Arab Emirates (UAE), for trans-shipment to Iran . . . On December 28, 2001, Super Micro shipped the motherboards . . . knowing the motherboards would be trans-shipped to Iran . . . The company agrees that . . . a license was required to export the motherboards to Iran. The company agrees that it did not seek, and had not obtained, such a license prior to exporting the motherboards." *Id.* at 2.

The government agreed with Super Micro to prepare a Joint Sentencing Memorandum, which was filed on **September 15, 2006**. In that Memorandum, and plea agreement, the government made numerous concessions and promises to Super Micro, including for example, immediate sentencing; no presentence report; a fine of $150,000.00 (though it was Super Micro that sold its merchandise and generated revenue therefrom); no disgorgement, restitution, or forfeiture; no probation; no further criminal charge against Super Micro or any subsidiary, affiliate, or current or former employee; the lowest Criminal History Category possible (the Joint Sentencing Memorandum simply stating, "Super Micro has no record of criminal or regulatory offenses"). (Joint Sent. Mem. 3:3-4:7) Many of these concessions and promises were not extended to Mr. Mayssami. On **September 18, 2006**, Super Micro was sentenced in accordance with the Joint Sentencing Memorandum, and the plea agreement.

On **December 17, 2007**, Mr. Mayssami pled guilty to a one count information charging him with violating Title 31, United States Code, Section 5322(a), failure to report a suspicious transaction. 31 U.S.C. § 5322(a) (2001).

///
///
///
///
///

Mr. Mayssami owns and operates Mayssami Diamonds. At the request of his father, and members of the Iranian community, Mr. Mayssami assisted with some remittances to or from Iran to Iran for legal purposes.[1] Yet, Super Micro and an individual using the name Tofig Setayashi, facilitated commercial transaction(s) and shipment(s) of computer equipment apparently to Dubai, UAE, and to Iran, linking them with otherwise non-commercial remittance(s) of Mr. Mayssami.

Mr. Mayssami does not deny his culpability, as he admits making a check payable to Super Micro, and depositing that check in a Super Micro account, without receiving any goods or services from Super Micro in return. Also, Mr. Mayssami's father told him of possible actions of Super Micro and Tofig Setayashi.

However, unlike Super Micro and Tofig Setayashi, who were selling merchandise and generating revenue, Mr. Mayssami did not sell merchandise of his own, nor generate revenue or profit for himself. His actions were in accordance with instructions of his father, still a resident of Iran, and from members of the Iranian community.

Though Mr. Mayssami is apparently the only individual being prosecuted in this matter, it is Super Micro who sold and shipped merchandise. The plea agreement in the Super Micro Case confirms both Super Micro and the government know the identity of the relevant Super Micro employee, who is apparently not being prosecuted.

Also, unlike Super Micro and Tofig Setayashi, Mr. Mayssami lacks any personal knowledge of the details of the commercial transactions including the quantity of Super Micro computer equipment involved, or the amount of money or profit made by either Super Micro or Tofig Setayashi. Mr. Mayssami did not share in any profit made by either Super Micro or Tofig Setayashi and did not personally ship any Super Micro computer equipment to any location.

---

[1] "[N]on-commercial remittance[s] to or from Iran (e.g., a family remittance not related to a family-owned enterprise)" (31 C.F.R. § 560.516 (2006)), are specifically allowed, without limit, and without prohibition of use of a commercial entity, by the Iranian Transaction Regulations. Title 31, Code of Federal Regulations, Part 560. For example, remittances for lodging, medical care, sustenance, etc. of family members, are perfectly legal, without limitation, or restriction on use of a commercial intermediary.

1  Thus, it is clear that Mr. Mayssami is much less culpable than persons at Super Micro who will not be prosecuted. The government and Mr. Mayssami have reached a plea agreement containing the provisions of the type specified in Rules 11 (c)(1)(A) and 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, which plea agreement is before the Court. **<u>Just as the recommendation of U.S. Probation indicates, certainly no harsher sentence than that mentioned in the plea agreement should be imposed.</u>**

II.  **<u>MR. MAYSSAMI BACKGROUND INFORMATION</u>**

Mr. Mayssami was born in Iran (his father and mother still reside there) on November 25, 1956. Since his birth, he has repeatedly been uprooted and moved due to various wars. Because of war in Iran, he left in approximately 1972, at the age of approximately 16, to attend high school in Beirut, Lebanon. When war broke out there, he moved to London, England, to continue his education. He immigrated to the United States in approximately September 1976. He studied at the University of Tennessee, and obtained a college degree in Hotel Restaurant Management, and even began study for a Masters degree in Business Administration. However, war broke out again in Iran, and he had to discontinue his education due to lack of funds. Mr. Mayssami became a United States citizen in approximately September 1996. He has operated Mayssami Diamonds in San Jose since approximately 1986 or 1987; and in San Diego since approximately 1993. He is the sole support for his wife and two children. He has been married to his wife Mina for approximately nine years.

Mr. Mayssami's history and characteristics reflect a man overcoming the barriers of birth and wars in foreign countries; constantly being uprooted and forced to move; earning a college degree and United States citizenship; and starting a business and working as the sole support of his family.

III.  **<u>NO OBJECTION TO THE FINAL PRESENTENCE REPORT</u>**

In accordance with Criminal Local Rule 32-5(b)(1) (N.D. Cal. Crim. R. 32-5(b)(1)), the defense respectfully confirms that all objections identified in the initial presentence report were previously resolved, and the defense has no objection to the final presentence report.

///

- 4 -

## IV. NO DEPARTURE NOT IDENTIFIED IN FINAL PRESENTENCE REPORT

In accordance with Criminal Local Rule 32-5(b)(2) ( N.D. Cal. Crim. R. 32-5(b)(2)), the defense respectfully confirms that there is no request for a departure that has not been identified in the final presentence report.

## V. OTHER MATTERS

In accordance with Criminal Local Rule 32-5(b)(3) ( N.D. Cal. Crim. R. 32-5(b)(3)), the defense respectfully requests that the Court please consider the following facts and factors as the most controlling in assessing sentence:

1. But for Super Micro, Tofig Setayashi, and perhaps others, facilitating some commercial transaction(s), and linking it to some "non-commercial remittance[s] to or from Iran (*e.g.*, a family remittance not related to a family-owned enterprise)" (31 C.F.R. § 560.516 (2006)) allowed by the Iranian Transaction Regulations, Title 31, Code of Federal Regulations, Part 560, no criminal offense would have occurred;

2. Unlike Super Micro and Tofig Setayashi, who were selling merchandise and generating revenue, Mr. Mayssami did not sell merchandise or generate revenue or profit for himself. His actions were in accordance with instructions of his father, still a resident of Iran, and members of the Iranian community;

3. Mr. Mayssami is apparently the only individual being prosecuted in this matter;

4. Unlike Super Micro and Tofig Setayashi, Mr. Mayssami lacks personal knowledge of the quantity of Super Micro computer equipment involved or that ultimately reached Dubai, UAE, or Iran; and the amount of money or profit made by either Super Micro or Tofig Setayashi;

5. Super Micro itself received a lenient sentence, which, in numerous respects, is even more lenient than the plea agreement offered Mr. Mayssami;

6. Mr. Mayssami acted at the request of his father and members of the Iranian community, which is consistent with his heritage, tradition and upbringing;

///

- 5 -

BY DEFENDANT MOHAMMAD MAYSSAMI                                             CASE NO. 5:07-cr-00760-RMW

7. Mr. Mayssami cooperated during the investigation. He agreed to and was interviewed by the government **before** the government filed any case against him or Super Micro;

8. Mr. Mayssami accepted responsibility at an early stage of the process, and has evidenced remorse;

9. There is virtually no likelihood of Mr. Mayssami engaging in any further criminal conduct;

10. There is no need to provide Mr. Mayssami with any educational or vocational training, or medical care or other correctional treatment;

11. Mr. Mayssami has suffered a felony criminal conviction and has incurred disgrace, expenses and emotional distress in that process;

12. This case involves a nonviolent offense;

13. There is no victim deserving of any restitution in this matter; and

14. **Just as the recommendation of U.S. Probation indicates, to avoid unwarranted sentence disparities, considering the many concessions extended to Super Micro and persons related thereto, imposing on Mr. Mayssami any sentence harsher than that stated in the plea agreement would be a travesty of justice and constitute an unwarranted sentencing disparity.**

## VI. CONCLUSION

In conclusion, Mr. Mayssami respectfully requests that, based upon the facts and factors indicated herein, the Court impose a sentence no harsher than that stated in the plea agreement.

Dated: March 20, 2008

MCKENNA LONG & ALDRIDGE LLP

*/s/ Robert J. Lauchlan, Jr.*
ROBERT S. BREWER, JR.
ROBERT J. LAUCHLAN, JR.
Attorneys for Defendant MOHAMMAD MAYSSAMI

SD:22162348.1

U.S. v. Mohammad Mayssami
Case No. 5:07-cr-00760-RMW (PVT)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following document(s):

- **SENTENCING MEMORANDUM PER CRIMINAL LOCAL RULE 32-5(B) BY DEFENDANT MOHAMMAD MAYSSAMI**

☒ was served upon all counsel of record via CM/ECF as indicated/listed on the United States District Court, Northern District of California's CM/ECF registered email list in the above-referenced matter (as set forth below):

*Attorneys for Plaintiff*
*United States of America*

Gary G. Fry, Esq.
Assistant United States Attorney
United States Attorney's Office
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
(408) 535-5061 / Fax (408) 535-5066
Gary.Fry@usdoj.gov

☒ via personal service, overnight mail (VIA UPS Overnight), facsimile, first class mail or e-mail, as indicated below:

*United States Probation Office*

Mr. Brian D. Casai, U.S. Probation Officer
United States Probation Office
1301 Clay Street, Suite 220S
Oakland, CA 94612-5208
Telephone:    (510) 637-3600
Facsimile:    (510) 637-3625

*Via Facsimile and U.S. Mail*

Executed this 20th day of March, 2008, at San Diego, California.

_____
Jamie L. Hornsby

SD:22161708.1

## Confirmation Report – Memory Send

```
                                    Page       : 001
                                    Date & Time: Mar-20-08  03:49pm
                                    Line 1     : 619 595 5450
                                    Line 2     : +16195955450
                                    Machine ID : McKenna, Long & Aldridge, LLP
```

| | |
|---|---|
| Job number | : 839 |
| Date | : Mar-20 03:47pm |
| To | : ☎+6105910001915106373625 |
| Number of pages | : 008 |
| Start time | : Mar-20 03:47pm |
| End time | : Mar-20 03:49pm |
| Pages sent | : 008 |
| Status | : OK |
| Job number | : 839        *** SEND SUCCESSFUL *** |

---

**McKenna Long & Aldridge LLP**
Attorneys at Law

Atlanta, Denver, Los Angeles, Philadelphia · San Diego, San Francisco, Washington, DC, Brussels

Suite 3300, Symphony Towers • 750 B Street • San Diego, CA 92101
Tel: 619.595.5400 • Fax: 619.595.5450
www.mckennalong.com

### FACSIMILE TRANSMITTAL

Date: March 20, 2008

| To: Name/Company | Fax No. | Phone No. |
|---|---|---|
| Mr. Brian D. Casai<br>United States Probation Office | (510) 637-3625 | (510) 637-3594 |

**From:** Jamie L. Hornsby of Robert Lauchlan's office
**Phone:** (619) 595-5409
**Re:** Mohammad Mayssami / *U.S. v. Mayssami*

**Number of Pages (including cover):** 8            *Originals will follow via regular mail*

**COMMENTS**

**Attachment(s):** Documents per attached Certificate of Service dated March 20, 2008
Please see attached.

**Confidentiality Notice:**
The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Post Office. Thank you.

| User No.: 4539 | Client/Matter No.: 10591.0001 |
|---|---|

If transmission is unclear or incomplete, please contact our facsimile operator immediately at (619) 595-5451.

SD:22164031.1